UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:16-cr-133-T-33JSS

QUENTIN CEPHUS
______________________________/

**ORDER**

This matter is before the Court pursuant to Defendant Quentin Cephus's Motion for Reconsideration (Doc. # 108), which was filed on March 30, 2017. The Government filed a Response in Opposition to the Motion (Doc. # 112) on April 4, 2017. The Court denies the Motion as outlined herein.

**I. Background**

The March 29, 2016, indictment charges that Cephus "did forcibly assault, resist, and intimidate an officer of the United States while engaged in and on account of the performance of official duties and such acts did involve physical contact with the victim of that assault and did inflict bodily injury." (Doc. # 1). After several motions to continue trial, the Court set a jury trial for the October 2016 trial term. (Doc. # 47).

Cephus notified the Court of his intention to assert the insanity defense on September 30, 2016. (Doc. # 48). The Court held a status conference on October 13, 2016, and

continued the case to the December 2016 trial term based on the complexities of obtaining expert examinations and other issues attendant to Cephus's intent to assert the insanity defense. (Doc. ## 68, 71).

With the benefit of an expert report and extensive briefing from the parties, the Court precluded Cephus from presenting the insanity defense. On the morning of his criminal trial on December 19, 2016, Cephus ultimately entered a guilty plea. (Doc. # 84). On March 16, 2017, the Court sentenced Cephus to 41 months imprisonment to be followed by a three year period of supervised release. (Doc. # 106). At the time of sentencing, the Court considered, but ultimately rejected, Cephus's request for a downward departure based on acceptance of responsibility.

**II. Motion for Reconsideration**

At this juncture, Cephus states that a paragraph contained in his Presentence Investigation Report is no longer accurate. At the time of sentencing, the Presentence Investigation Report contained a notation that on February 28, 2017, Cephus assaulted another inmate at the recreational breezeway of the Citrus County Detention Facility. However, on March 14, 2017, unknown at the time of sentencing, Cephus's appeal regarding the February 28, 2017, incident was resolved

in his favor and jail correspondence states: "Your appeal has been approved based on a technical violation." (Doc. # 108-1). Cephus states that the allegation regarding the February 28, 2017 incident "appeared to color the Court's opinion of Mr. Cephus and appeared to impact the Court's decision regarding a reduction for acceptance of responsibility pursuant to USSG § 3E1.1." (Doc. # 108 at 1).

The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, but the Eleventh Circuit authorizes such motions when the circumstances so warrant. See, e.g., Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); United States v. Erland, 352 Fed. Appx. 363, 365 (11th Cir. 2009).

Although Cephus has successfully appealed the February 28, 2017, incident, the Court finds that reconsideration of the denial of a downward departure is not warranted. "A district court is in a unique position to evaluate whether a defendant sufficiently demonstrates acceptance of responsibility; therefore, the determination of the sentencing judge is entitled to great deference on review." United States v. Frank, 247 F.3d 1257, 1261 (11th Cir. 2001)(denying request for sentence reduction based on acceptance of responsibility in a car jacking case when defendant went to trial and

asserted the insanity defense).

Here, the Court denies the Motion for Reconsideration because the Court did not deny the sentence reduction based on the February 18, 2017, altercation. Rather, the Court's primary reason for finding a lack of acceptance of responsibility is that Cephus did not plead guilty until the morning of trial. Cephus's successful appeal of the February 28, 2017, incident has no bearing on the fact of his untimely plea. Notably, in an Order dated November 18, 2016, the Court notified Cephus that his case was set for a December 19, 2016, jury trial and "Guilty pleas are to be held before the Magistrate Judge on or before Wednesday, November 30, 2016." (Doc. # 71 at 1-2).

Rather than entering a timely plea, Cephus held out until the morning of trial such that the Government utilized its limited resources preparing for trial. For instance, the Government filed a verdict form, voir dire, and jury instructions on December 9, 2016. (Doc. ## 72-74). In addition, the Government represents that "Defendant's untimely plea required witnesses to cancel holiday travel plans and/or rearrange travel schedules for purposes of testifying." (Doc. # 112 at 4).

Courts routinely determine that a guilty plea offered on

the morning of trial serves as a basis for the denial of credit for acceptance of responsibility. See, e.g., United States v. Montero, 336 Fed. Appx. 941, 942 (11th Cir. 2009)(affirming denial of acceptance of responsibility because defendant "did not offer his plea until the morning his trial was to begin, thus necessitating significant trial preparation by the government and the transportation of witnesses from across the state."); United States v. Gamez-Cruz, 293 Fed. Appx. 729 (11th Cir. 2008)(affirming 63 month prison sentence for inflicting injury on a federal agent where defendant did not accept responsibility for his actions and untimely pled guilty on the morning of trial). The Court reaches the same conclusion and accordingly denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Quentin Cephus's Motion for Reconsideration (Doc. # 108) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of April 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE